WINSTON & STRAWN LLP
JUSTIN E. RAWLINS (SBN: 209915)
jrawlins@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:    (213) 615-1700
Facsimile:    (213) 615-1750

CAREY D. SCHREIBER (admitted *pro hac vice*)
cschreiber@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

KATHERINE A. PRESTON (admitted *pro hac vice*)
kpreston@winston.com
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone:    (713) 651-2600
Facsimile:    (713) 651-2700

Counsel for Medley Capital Corporation
and Medley Opportunity Fund II LP

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In Re: | Case No. 2:17-bk-22432-WB |
| POINT.360, a California corporation, | Chapter 11 |
| Debtor. | |
| Point.360, a California corporation, and the Committee of Creditors Holding Unsecured Claims, | Adv. No. 2:19-ap-01129-WB |
| Plaintiffs, | **DEFENDANTS MEDLEY CAPITAL CORPORATION AND MEDLEY OPPORTUNITY FUND II LP'S ANSWER TO FIRST AMENDED COMPLAINT** |
| vs. | |
| Medley Capital Corporation, a Delaware corporation, Medley Opportunity Fund II, LP, a Delaware limited partnership, | Date: September 24, 2019
Time: 2:00 p.m.
Place: Courtroom 1375
          U.S. Bankruptcy Court
          255 E. Temple Street, 13th Floor
          Los Angeles, CA 90012 |
| Defendants.. | |

1

Defendants Medley Capital Corporation and Medley Opportunity Fund II LP (collectively, "Medley") submit this Answer in response to the *First Amended Complaint for (1) Mandatory Subordination, (2) Objection to Claim, and (3) Lien Avoidance* [ECF No. 18] (the "Complaint")[1] in the above-captioned adversary proceeding, and respectfully state the following:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. Medley admits the allegations contained in Paragraph 1.

2. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies those allegations.

3. Medley admits the allegations contained in Paragraph 3.

## PARTIES

4. Upon information and belief, Medley admits the allegations contained in Paragraph 4.

5. Medley admits the allegations contained in the first sentence of Paragraph 5. Medley denies the allegations contained in the second sentence of Paragraph 5.

6. Medley admits the allegations contained in Paragraph 6.

7. Medley admits the allegations contained in Paragraph 7.

8. Medley admits the allegations contained in Paragraph 8.

9. Medley admits the allegations contained in the first two sentences of Paragraph 9. Medley assumes but has not independently verified that the copies attached to the request for judicial notice are complete and correct. Accordingly, Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the third sentence of Paragraph 9, and therefore denies those allegations.

## FACTUAL BACKGROUND

10. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, and therefore denies those allegations.

11. Medley admits that it loaned funds to MVF in September 2012. No response is required to the remaining allegations contained in Paragraph 11 because they amount to legal

---

[1] Capitalized terms used and not otherwise defined herein should be given the meanings assigned in the Complaint.

conclusions and because the parties' loan agreement, as amended, speaks for itself.  To the extent that a response is required, the remaining allegations contained in Paragraph 11 are denied.

12. No response is required to the allegations contained in Paragraph 12 because they amount to legal conclusions and because the parties' loan agreement, as amended, speaks for itself.  To the extent that a response is required, the allegations contained in Paragraph 12 are denied.

13. The allegations contained in Paragraph 13 amount to legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 13 are denied.

14. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14, and therefore denies those allegations.

15. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15, and therefore denies those allegations.

16. Medley admits that the Debtor was given access to a data room of MVF data and financial information on March 4, 2015.  Medley denies the remaining allegations contained in Paragraph 16.

17. Medley denies the allegations contained in Paragraph 17.

18. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, and therefore denies those allegations.

19. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19, and therefore denies those allegations.

20. Medley admits that a face-to-face meeting between representatives of the Debtor, Medley, and Deloitte took place on or about March 26, 2015.  Medley denies the remaining allegations contained in Paragraph 20.

21. Medley denies the allegations contained in Paragraph 21.

22. Medley admits the allegations contained in the first sentence of Paragraph 22. Medley denies the remaining allegations contained in Paragraph 23.

23. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23, and therefore denies those allegations.

24. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24, and therefore denies those allegations.

25. Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25, and therefore denies those allegations.

26. Medley admits that a term sheet was executed on May 20, 2015. No response is required to the remaining allegations contained in Paragraph 26 because the term sheet speaks for itself. To the extent that a response is required, the remaining allegations contained in Paragraph 26 are denied.

27. Medley admits that on July 8, 2015, the Debtor and Medley executed and closed on the Sale Agreement, the TLA, and the Security Agreement. Medley denies the remaining allegations contained in Paragraph 27.

28. Medley denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 29 are denied.

30. No response is required to the allegations contained in Paragraph 30 because the Sale Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 30 are denied.

31. No response is required to the allegations contained in Paragraph 31 because the Sale Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 31 are denied.

32. No response is required to the allegations contained in Paragraph 32 because the Sale Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 32 are denied.

33. Medley denies the allegations contained in Paragraph 33.

34. No response is required to the allegations contained in Paragraph 34 because the Sale Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 34 are denied.

1  35.  The allegations contained in Paragraph 35 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 35 are denied.

36.  Medley denies the allegations contained in the first sentence of Paragraph 36. The allegations contained in the second sentence of Paragraph 36 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in the second sentence of Paragraph 36 are denied.

37.  No response is required to the allegations contained in Paragraph 37 because the Term Loan Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 37 are denied.

38.  No response is required to the allegations contained in Paragraph 38 because the Term Loan Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 38 are denied.

39.  The allegations contained in Paragraph 39 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 39 are denied.

40.  No response is required to the allegations contained in Paragraph 40 because the Term Loan Agreement speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 40 are denied.

41.  Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and therefore denies those allegations.

42.  Medley admits that Medley Capital Corporation hosted a quarterly-earnings call on August 12, 2015. No response is required to the remaining allegations in Paragraph 42 because the transcript of the quarterly-earnings call speaks for itself. To the extent that a response is required, the allegations contained in Paragraph 42 are denied.

43.  Medley admits that the Debtor scheduled $4,235,547 in unsecured claims as of October 10, 2017. Medley lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43, and therefore denies those allegations.

4

1    44.    Medley denies the allegations contained in the first sentence of Paragraph 44. Medley admits that the Debtor reported and/or recorded an operating loss in excess of $8.9 million during the 2016 fiscal year and an operating loss in excess of $9.9 million during the 2017 fiscal year. Medley lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44, and therefore denies those allegations.

45.    Medley admits the allegations contained in Paragraph 45.

## FIRST CLAIM FOR RELIEF

46.    Medley incorporates by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

47.    The allegations contained in Paragraph 47 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 47 are denied.

48.    No response is required to the allegations contained in Paragraph 48 because the Term Loan Agreement speaks for itself. To the extent that a response is required, Medley admits that Paragraph 48 accurately quotes Section 1 of the TLA. The remaining allegations contained in Paragraph 48 are denied.

49.    The allegations contained in Paragraph 49 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 49 are denied.

50.    The allegations contained in Paragraph 50 amount to a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 50 are denied.

51.    Medley denies the allegations contained in Paragraph 51.

52.    Medley denies the allegations contained in Paragraph 52.

53.    Medley lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and therefore denies those allegations.

54.    Medley denies the allegations contained in Paragraph 54.

55.    Medley denies the allegations contained in Paragraph 55.

5

1    56.    Medley denies the allegations contained in Paragraph 56.

2    57.    The allegations contained in Paragraph 57 amount to a legal conclusion to which no
3    response is required.  To the extent that a response is required, the allegations contained in Paragraph
4    57 are denied.

5    58.    The allegations contained in Paragraph 58 amount to a legal conclusion to which no
6    response is required.  To the extent that a response is required, the allegations contained in Paragraph
7    58 are denied.

## SECOND CLAIM FOR RELIEF

9    59.    Medley incorporates by reference all responses contained in the foregoing paragraphs
10    as if set forth fully herein.

11    60.    The allegations contained in Paragraph 60 amount to a legal conclusion to which no
12    response is required.  To the extent that a response is required, the allegations contained in Paragraph
13    60 are admitted.

14    61.    The allegations contained in Paragraph 61 amount to a legal conclusion to which no
15    response is required.  To the extent that a response is required, the allegations contained in Paragraph
16    61 are denied.

17    62.    Medley denies that Plaintiffs are entitled to the relief requested in Paragraph 62.

## THIRD CLAIM FOR RELIEF

19    63.    Medley incorporates by reference all responses contained in the foregoing paragraphs
20    as if set forth fully herein.

21    64.    The allegations contained in Paragraph 64 amount to a legal conclusion to which no
22    response is required.  To the extent that a response is required, the allegations contained in Paragraph
23    64 are admitted.

24    65.    The allegations contained in Paragraph 65 amount to a legal conclusion to which no
25    response is required.  To the extent that a response is required, the allegations contained in Paragraph
26    65 are denied.

27    66.    Medley denies that Plaintiffs are entitled to the relief requested in Paragraph 66.

28

67. Medley denies that Plaintiffs are entitled to the relief requested in the prayer for judgment.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state any cause of action upon which relief may be granted.

2. The Complaint is barred by res judicata and/or collateral estoppel, including, without limitation, the Court's *Order Confirming Debtor's Second Amended Chapter 11 Plan as Modified* [Case No. 2:17-bk-22432-WB, ECF No. 713].

3. The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

4. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## **PRAYER FOR RELIEF**

WHEREFORE, Medley respectfully requests that the Court:

(a) enter judgment in Medley's favor;

(b) deny all relief requested by Plaintiffs,

(c) award reasonable attorney's fees and costs to Medley; and

(d) award Medley such other and further relief, in law and in equity, to which Medley may be justly entitled.

Dated: September 10, 2019   WINSTON & STRAWN LLP

By: */s/ Justin E. Rawlins*
JUSTIN E. RAWLINS
CAREY D. SCHREIBER
KATHERINE A. PRESTON
Attorneys for Defendants
MEDLEY CAPITAL CORPORATION AND
MEDLEY OPPORTUNITY FUND II LP